IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 SEP 30 PM 3: 11

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W.D. OF TENNESSEE, MEMPHIS

|  |  |  |
|---|---|---|
| STEVEN D. KING, | X | |
| | X | |
| Petitioner, | X | |
| | X | |
| vs. | X | No. 03-2437-Ma/P |
| | X | |
| WAYNE BRANDON, | X | |
| | X | |
| Respondent. | X | |
| | X | |

ORDER DENYING MOTION TO AMEND
ORDER DENYING MOTION TO COMPEL PRODUCTION
ORDER OF DISMISSAL
ORDER DENYING CERTIFICATE OF APPEALABILITY
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

Petitioner Steven D. King ("King"), Tennessee Department of Corrections prisoner number 241465, an inmate at the Turney Center Industrial Prison ("TCIP") in Only, Tennessee, filed a petition pursuant to 28 U.S.C. § 2254 on June 9, 2003. On October 26, 2004, the Court dismissed all claims raised in the petition with the exception of two: King's claim of ineffective assistance of counsel based on counsel's alleged failure to object to the authenticity of evidence and his claim of ineffective assistance of counsel based on counsel's motion(s) to suppress the murder weapon.[1]    Because

_____

[1]    The Court was unable to find any discussion in the appellate court's decision on direct appeal related to the issue of the authenticity of evidence, namely the murder weapon. The only reference to the weapon was in the background
(continued...)

the state court records were not readily accessible, the Court directed the Warden to respond to the petition. On February 2, 2005, the respondent filed a motion to dismiss and memorandum in support. On March 16, 2005, petitioner responded to the motion to dismiss by filing motions to compel production of the complete state court record and to amend his petition to raise a claim of actual innocence, a memorandum in support, and King's declaration.

The Court has carefully reviewed the motions and declaration. King alleges that the "conclusory nature" of his claims will be remedied by the filing of an amended petition after review of the complete state court record. (King memorandum, p. 5) King frankly admits the claims are procedurally defaulted and in actuality seeks to amend his complaint to raise a claim of actual innocence based upon a defect in his indictment, to demonstrate the futility of attempting to fully exhaust state court remedies, and to prevent a fundamental miscarriage of justice. (King memorandum, pp. 7-8) Furthermore, King wishes to revisit certain of the previously dismissed claims.

King's conviction was final, at the latest, on August 18, 2003, when the time for filing a petition for writ of certiorari to

---

[1]     (...continued)
provided in the appellate court's decision. State v. King, 1997 WL 41256 (Tenn. Crim. App. Feb. 4, 1997). With respect to King's claim of ineffective assistance of counsel based on counsel's motion(s) to suppress the murder weapon, the Court's review of both appellate court decisions revealed that the court did not discuss the murder weapon on direct appeal or during post-conviction proceedings except as part of its statement of the case's factual background. King v. State, 2002 WL 31895726 (Tenn. Crim. App. Dec. 30, 2002), perm. app. denied (Tenn. May 19, 2003).

the United States Supreme Court expired.  The mandate of Fed. R.
Civ. P. 15(a), that a court freely grant leave to amend when
justice so requires, has been interpreted to allow supplementation
and clarification of claims initially raised in a timely § 2255
motion.  See Anderson v. United States, No. 01-2476, 2002 WL 857742
at *3 (6th Cir. May 3, 2002); Oleson v. United States, No. 00-1938,
2001 WL 1631828 (6th Cir. Dec. 14, 2001).

Once the statute of limitations has expired, allowing
amendment of a petition with additional grounds for relief would
defeat the purpose of the Antiterrorism and Effective Death Penalty
Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24,
1996)(codified, inter alia, at 28 U.S.C. § 2244 et seq.)(AEDPA).
Oleson, 2001 WL 1631828 at *3 (citing United States v. Thomas, 221
F.3d 430, 436 (3d Cir. 2000)("[A] party cannot amend a § 2255
petition to add a completely new claim after the statute of
limitations has expired.")).[2]

King's AEDPA statute of limitations expired on August 18,
2004.  The motion to amend and memorandum in support, which were
filed on March 16, 2005, seek to raise an additional claim of
actual innocence as cause and prejudice for petitioner's procedural
default of the issues raised in the original habeas petition.  The

---

[2]     See also United States v. Pittman, 209 F.3d 314, 317-18 (4th Cir.
2000)("The fact that amended claims arise from the same trial and sentencing
proceeding as the original motion does not mean that the amended claims relate
back for purposes of Rule 15(c). . . . Such a broad view of 'relation back' would
undermine the limitations period set by Congress in the AEDPA" (citing United
States v. Duffus, 174 F.3d 333, 337 (3d Cir. 1999)).

motion and claim are untimely and barred by the AEDPA statute of limitations.

The state appellate court opinions contain ample evidence to support King's conviction. His defective indictment claim is specious and his reliance on <u>Bousley v. United States</u>, 523 U.S. 614 (1998), is misplaced. "An actual innocence claim requires "factual innocence, not mere legal insufficiency." <u>Bousley</u>, 523 U.S. at 623-24; <u>Hilliard v. United States</u>, 157 F.3d 444, 450 (6th Cir. 1998). The movant must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." <u>Murray v. Carrier</u>, 477 U.S. 478, 496 (1986). Accordingly, the motions to amend the petition (docket entry #18) and to compel production (docket entry #19) are DENIED.

The state court procedural history, facts underlying King's conviction, and legal standards applicable to this habeas petition were addressed in the order of October 26, 2004. The Court incorporates that order, recitation, and analysis by reference. (Docket entry # 4)

The "authenticity of evidence" and "suppression of the murder weapon" were not issues presented in petitioner's direct appeal. (Addenda at 2) Furthermore, petitioner's post-conviction appellate brief does not raise those issues, despite references by the post-conviction appellate court to petitioner's allegations that counsel "fail[ed] to object to the authenticity of evidence" and

4

petitioner's post-conviction hearing testimony that counsel raised the issue of the gun's destruction in pretrial motions but "could have argued that issue better than what he done [sic]." King v. State, 2002 WL 31895726 at *2-*3. Inexplicably, the post-conviction appellate court opinion states that it agrees with the trial court that "the issue[] regarding ... the absence of the murder weapon had been addressed in the petitioner's direct appeal and [was] moot." Id. at *6. The issue of counsel's failure to object to the authenticity of the evidence was then raised by counsel in the application for permission to appeal to the Tennessee Supreme Court. (Addenda at 10)

The remaining two issues raised in this petition have never been addressed by the Tennessee Courts. Further presentation of these claims is now barred by Tennessee's state post-conviction petition statute of limitations and by Tennessee's one-petition rule. See Tenn. Code Ann. § 40-30-202(a),(c)(1997). Thus, the claims are exhausted through petitioner's procedural default, and consideration of them in this federal petition is barred by that default.

King has alleged neither cause and prejudice nor actual innocence to avoid this procedural bar. He may not use post-conviction counsel's failure to raise these claims as cause and prejudice for his default, because there is no right to counsel in a collateral proceeding under Coleman v. Thompson, 501 U.S. 722,

5

734-45 (1991) and <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555 (1987)(holding "the right to appointed counsel extends to the first appeal of right, and no further."). <u>See also</u> 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). Petitioner's procedural default operates as a complete and independent procedural bar to federal habeas review of the remaining two claims raised in this petition. The motion to dismiss (docket entry #15) is GRANTED.

The Court must also determine whether to issue a certificate of appealability. The statute provides:

(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c); <u>see also</u> Fed. R. App. P. 22(b); <u>Lyons v. Ohio Adult Parole Auth.</u>, 105 F.3d 1063, 1073 (6th Cir. 1997) (district

6

judges may issue certificates of appealability under the AEDPA).
No § 2255 movant may appeal without this certificate.

In Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), the Supreme
Court stated that § 2253 is a codification of the standard
announced in Barefoot v. Estelle, 463 U.S. 880, 893 (1983), which
requires a showing that "reasonable jurists could debate whether
(or, for that matter, agree that) the petition should have been
resolved in a different manner or that the issues presented were
"'adequate to deserve encouragement to proceed further.'"  Slack,
529 U.S. at 484 (quoting Barefoot, 463 U.S. at 893 & n.4).

The Supreme Court recently cautioned against undue limitations
on the issuance of certificates of appealability:

> [O]ur opinion in Slack held that a COA does not require
> a showing that the appeal will succeed.  Accordingly, a
> court of appeals should not decline the application of a
> COA merely because it believes the applicant will not
> demonstrate an entitlement to relief.  The holding in
> Slack would mean very little if appellate review were
> denied because the prisoner did not convince a judge, or,
> for that matter, three judges, that he or she would
> prevail.  It is consistent with § 2253 that a COA will
> issue in some instances where there is no certainty of
> ultimate relief.  After all, when a COA is sought, the
> whole premise is that the prisoner "'has already failed
> in that endeavor.'"

Miller-El v. Cockrell, 123 S. Ct. 1029, 1039 (2003) (quoting
Barefoot, 463 U.S. at 893).  Thus,

> A prisoner seeking a COA must prove "'something more than
> the absence of frivolity'" or the existence of mere "good
> faith" on his or her part. . . .  We do not require
> petitioners to prove, before the issuance of a COA, that
> some jurists would grant the petition for habeas corpus.
> Indeed, a claim can be debatable even though every jurist

7

> of reason might agree, after the COA has been granted and
> the case has received full consideration, that petitioner
> will not prevail.

Id. at 1040 (quoting Barefoot, 463 U.S. at 893); see also id. at
1042 (cautioning courts against conflating their analysis of the
merits with the decision of whether to issue a COA; "The question
is the debatability of the underlying constitutional claim, not the
resolution of that debate.").[3]

In this case, there can be no question that any appeal by this
petitioner on any of the issues raised in this petition does not
deserve attention.   The petitioner cannot make a substantial
showing of the denial of a federal right, and he is not entitled to
a certificate of appealability under 28 U.S.C. § 2253.  The Court
therefore DENIES a certificate of appealability.

Also with regard to any appeal, the United States Court of
Appeals for the Sixth Circuit has held that the Prison Litigation
Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(b), does not apply to
appeals of orders denying § 2254 petitions.  Kincade v. Sparkman,
117 F.3d 949, 951 (6th Cir. 1997); cf. McGore v. Wrigglesworth, 114
F.3d 601 (6th Cir. 1997) (instructing courts regarding proper PLRA
procedures in prisoner civil-rights cases).  Rather, to seek leave
to appeal in forma pauperis in a § 2254 case, and thereby avoid the

---

[3]     By the same token, the Supreme Court also emphasized that "[o]ur
holding should not be misconstrued as directing that a COA always must issue."
Id. at 1039.  Instead, the COA requirement implements a system of "differential
treatment of those appeals deserving of attention from those that plainly do
not."  Id. at 1040.

$255 filing fee required by 28 U.S.C. §§ 1913 and 1917,[4] the petitioner must seek permission from the district court under Rule 24(a) of the Federal Rules of Appellate Procedure. <u>Kincade</u>, 117 F.3d at 952. If the motion is denied, the petitioner may renew the motion in the appellate court.

Rule 24(a) of the Federal Rules of Appellate Procedure states, in pertinent part that:

> A party to an action in a district court who desires to proceed on appeal <u>in forma pauperis</u> shall file in the district court a motion for leave to so proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that that party is entitled to redress, and a statement of the issues which that party intends to present on appeal.

The Rule further requires the district court to certify in writing whether the appeal is taken in good faith. For the same reasons the Court denies a certificate of appealability, the Court determines that any appeal in this case would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by this defendant is not taken in good faith, and he may not proceed on appeal <u>in forma pauperis</u>.

---

[4] The fee for docketing an appeal is $250. <u>See</u> Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

IT IS SO ORDERED this __30th__ day of September, 2005.

 

 

_____
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 21 in case 2:03-CV-02437 was distributed by fax, mail, or direct printing on September 30, 2005 to the parties listed.

---

Mark A. Fulks
ATTORNEY GENERAL'S OFFICE (NashvilleCr)
P.O. Box 20207
Nashville, TN 37202

Steven D. King
241465
P.O. Box 2000
Wartburg, TN 37887

Honorable Samuel Mays
US DISTRICT COURT